UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:25-cv-03331-SKC
(Bankr. No. 24-17511-JGR)

*In re*: VALERIY S. MAISOTSENKO and SVETLANA Y. AGRICH,

    Debtors.

———————————————————————

VALERIY S. MAISOTSENKO,

    Appellant,

v.

SEELEY INTERNATIONAL PTY LTD.,

    Appellee.

---

**OPINION**

---

This is an appeal by Appellant-Debtor Valeriy Maisotsenko from the United States Bankruptcy Court for the District of Colorado. The Court has examined the briefs and the record. No one requested oral argument and the Court finds argument is unnecessary because the facts and legal arguments are adequately presented and argument will not materially assist in a decision.

[*Continued on Next Page*]

1

## BACKGROUND

### A.  The Earlier Sanctions Case in the District Court

This appeal's roots are in proceedings that started in the United States District Court for the District of Colorado in May 2021 in *Seeley International Pty. Ltd. v. Valeriy Maisotsenko, et al.*, 1:21-cv-01350-CMA-KLM (D. Colo.) ("Sanctions Case"). There, Seeley International (the Appellant here) sued Maisotsenko (the Debtor here) asserting claims for misappropriation of trade secrets under state and federal law, and patent infringement. Maisotsenko was represented by counsel and actively participated in the Sanctions Case for a period. For example, he filed a response opposing a motion for a temporary restraining order; a motion for a more definite statement; a brief opposing a motion to restrict, a motion to compel arbitration; a motion to dismiss the amended complaint; a motion to compel compliance with local patent rules; an answer; a motion to dismiss for lack of jurisdiction; and an answer to the second amended complaint. Appellee App'x at 0001 (docket entries 18, 22, 26, 28, 38, 57, 64, 69, 87, respectively).

But eventually, Seeley moved to compel. That motion sought to compel inspection of the air conditioner models made by Maisotsenko and the co-defendants that were the subject of Seeley's legal claims. The presiding district judge referred that motion to the magistrate judge. The magistrate judge described the circumstances and ordered the following in an Order Regarding Discovery Misconduct:

. . . The Court ordered Defendants to produce the Accused Instrumentalities for inspection on September 1, 2022. Order [#68]. Defendants did not object to the Order. But Plaintiff avers in the Motion that its counsel has "made repeated attempts to contact counsel for Defendants [ ] to meet and confer regarding scheduling an inspection of the Accused Instrumentalities, without success." Motion [#88] at 4. Plaintiff's counsel recounts several interactions with defense counsel that smack of delay and obstructive tactics. Id. at 4-6. The Court has had enough, and therefore makes clear to Defendants what sanctions will be imposed should they continue to delay and frustrate Court-ordered discovery in this matter. Accordingly,

IT IS HEREBY **ORDERED** as follows. ***This Order is the Court's final warning to Defendants and their counsel***:

(1) Defendants ***shall*** produce the Accused Instrumentalities for inspection by Plaintiff on or before **March 3, 2023**. The Accused Instrumentalities shall be produced by Defendants **at a time and place convenient to Plaintiff and its counsel.**

(2) If Defendants fail to comply with paragraph (1) above, Plaintiff shall file a "Notice of Defendants' Non-Compliance with Discovery Order" on the electronic docket in this case.

**(3) If a Notice of Non-Compliance with Discovery Order is filed by Plaintiff, the Court _shall_ enter the following sanctions against Defendants and/or their counsel:**

    (a) An award of costs and attorney fees in favor of Plaintiff for all amounts incurred by Plaintiff relating to discovery of the Accused Instrumentalities to date;

    (b) A Recommendation that default judgment enter in favor of Plaintiff and against Defendants as a sanction for violating Court orders and obstructing discovery pursuant to Fed. R. Civ. P. 37(b)(2)(vi).

Id. 0056-57 (emphases in original).

When Maisotsenko failed to comply with the Order Regarding Discovery Misconduct, the magistrate judge issued a detailed Recommendation to the presiding

3

district judge. She recommended that default and default judgment enter against Defendants under Fed. R. Civ. P. 37 based on their failure to comply with court orders and in an amount to be determined either upon motion or hearing. *Id.* 0063-73. The Recommendation specified the parties had 14 days to serve and file written objections to the Recommendation for consideration by the district judge, but Maisotsenko did not file objections. *Id.* 0072-73; *see also id.* 0075 ("The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 95 at 10–11.) Despite this advisement, no objection to Magistrate Judge Mix's Recommendation has been filed."). The district judge then affirmed and adopted the Recommendation finding it "is sound and not clearly erroneous or contrary to law." *Id.* 0075. And she directed the Clerk of Court to enter default against Defendants and final judgment for Seeley; she also stated judgment would enter in an amount to be determined by motion or hearing. *Id.* 0076.

On August 2, 2023, after an evidentiary hearing in which Maisotsenko did not appear, the district judge entered her Order Awarding Damages assessing damages against Maisotsenko in the total amount of $8,488,410.61. *Id.* 0079-106. The district judge awarded exemplary damages of $6,675.00. *Id.* In doing so, she noted that applicable state and federal law regarding misappropriation allowed for exemplary damages for willful or malicious misappropriation. She added that in patent

4

infringement cases a court has discretion to award enhanced damages for willful

infringement. Then she made these findings:

> Here, Defendants' conduct has been intentional and designed to avoid the jurisdiction of this Court. Plaintiff discovered that, as recently as April 2023, Defendants have been violating their obligations under the law and the Restrictive Covenants while ignoring and avoiding the orders of this Court. See (Doc. # 102-1 at 3–7, 10, 12–14; Doc. # 11-7; Doc. # 11-9.) Specifically, Defendants have been advertising and utilizing the M-Cycle as their own, misappropriating confidential and trade secret information, meeting with and sharing information with direct competitors of Plaintiff, and infringing on the Patents. (Doc. # 102-1 at 5–6, 10, 12–14; Doc. # 11-7; Doc. # 11-9.) The Court finds the Defendants engaged in calculated, willful theft of Plaintiff's trade secrets, intentionally infringed on Plaintiff's Patents with full awareness of Plaintiff's exclusive right-of-use, and have attempted to avoid liability for their wrongful conduct by abandoning this litigation. Accordingly, the Court finds just cause to grant Plaintiff an exemplary damage award of no less than three times its reasonable royalty, or $6,675,000.

*Id.* 0095.

Later in the order, when awarding attorney's fees and costs under the Patent

Act for exceptional patent cases, the district judge found "that Plaintiff's case is

exceptional." *Id.* 0097. Noting that courts have frequently found default judgment

exceptional, the district judge found:

> . . . Defendants' infringement—particularly the advertising and utilizing the M-Cycle as their own, as well as the development of products which utilized the patented technology—is flagrant. . . . Defendants' actions in absconding from this litigation are also exceptional. . . . These actions have required Plaintiff to extend significant time, energy, and expense first in seeking default judgment. . . . Defendant's (sic) complete disregard for intellectual property laws, contractual obligations, and judicial proceedings is exceptional indeed.

5

*Id.* 0098. The district judge made similar additional findings that support or are consistent with the award of exemplary damages and attorney's fees, such as:

- "Defendants have failed to comply with either Order without justification or excuse resulting in prejudice to Plaintiff and 'negatively impact[ing] its ability to move forward with this case.'"

- "The record demonstrates that Defendants have ceased to participate in this case in any meaningful way."

- "Defendants have absconded from the litigation."

- "Further, Defendants have 'willfully avoided addressing concerns over the appropriation of [the] intellectual property [at issue, they have] failed to participate in this litigation, and ha[ve] given no basis for the court to believe that [they] would not [continue their] infringing activities after the cessation of this action.'" (citation omitted)

- ". . . Plaintiff is the prevailing party in this action and Defendants' misappropriation was willful."

*Id.* 0085, 0086, 0090, 0091, 0096.

The district judge directed the entry of judgment for Seeley and against Defendants—to include Maisotsenko—in the total amount of $8,488,410.61.

### B. The Subsequent Bankruptcy Case

After Maisotsenko eventually filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court, Seeley filed a complaint in the Bankruptcy Court to have its default judgment from the Sanctions Case declared non-dischargeable under 11 U.S.C. § 523(a)(6). Seeley then moved for summary judgment in the Bankruptcy Court, which was granted. *See generally In re Maisotsenko et al.*, No. 24-17511-JGR, 2025 WL 2856635 (Bankr. D. Colo. Oct. 8, 2025).

Applying federal principles of collateral estoppel, the Bankruptcy Court found the Sanctions Case, of which Maisotsenko was a defendant, had been finally adjudicated on the merits. *Id.* at \*6. It also found that because the default judgment entered due to Maisotsenko's litigation misconduct, the default judgment satisfied the exception to the full and fair opportunity to participate in the previous litigation; and therefore, Maisotsenko had a full and fair opportunity to litigate the Sanctions Case. *Id.*

The Bankruptcy Court then considered whether the damage award was excepted from discharge under 11 U.S.C. § 523(a)(6) for "willful and malicious injury by the debtor to another entity or to the property of another entity." *Id.* at \*7. It found the findings in the Sanctions Case in support of the damage award satisfied the elements necessary to establish willful and malicious injury. *Id.*; *see also id.* at \*8 ("Maisotsenko had knowledge of the duties and restrictions imposed upon him by his [contracts] and deliberately and intentionally breached the [contracts], engaged in patent infringement and trade secret misappropriation, causing injury to Seeley. Maisotsenko had knowledge of Seeley's intellectual property rights and had knowledge that usurping the rights would cause particularized injury to Seeley."), ("Maisotsenko's conduct was malicious, having wrongfully and without just cause or excuse, usurped the intellectual property rights of Seeley, leading to the award of exemplary damages.").

7

The Bankruptcy Court determined these findings were sufficient to apply the doctrine of collateral estoppel to the claim under 18 U.S.C. § 523(a)(6) and granted Seeley judgment as a matter of law.

## ISSUE AND STANDARD OF REVIEW

The parties frame the issue differently from each other. The Court frames the issue as follows: whether the default judgment entered against Maisotsenko in the Sanctions Case for his discovery misconduct collaterally estops him from claiming the debt underlying the default judgment is dischargeable in bankruptcy.

"A court's application of collateral estoppel is reviewed de novo." *In re Jordana*, 232 B.R. 469, 476 (B.A.P. 10th Cir. 1999); *see also Meredith v. Beech Aircraft Corp.*, 18 F.3d 890, 894 (10th Cir. 1994). The grant or denial of a motion for summary judgment is also reviewed de novo on appeal using the same legal standard applied in the bankruptcy court. *Jordana*, 232 B.R. at 474.

For the reasons shared below, the Court finds the elements of collateral estoppel are supported by the record and facts of this case; thus, Maisotsenko is estopped from claiming the debt underlying the judgment is dischargeable in bankruptcy and Seeley is entitled to judgment as a matter of law. The underlying default judgment is excepted from discharge under 11 U.S.C. § 523(a)(6) for willful and malicious injury caused by Maisotsenko to Seeley or Seeley's property. The Bankruptcy Court thus committed no error and its decision is AFFIRMED.

8

## ANALYSIS[1]

Collateral estoppel prohibits a party from relitigating an issue determined against that party in a prior lawsuit. *Park Lake Res. Ltd. Liab. v. U.S. Dep't Of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004) ("[I]ssue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."). It applies in discharge proceedings in bankruptcy court. *See Grogan v. Garner*, 498 U.S. 279, 284-85 n.11 (1991). Where, as here, the prior judgment was from a federal court, federal principles of collateral estoppel apply. *Id.* at 284. The doctrine applies under those federal principles when: (1) the issue previously decided is identical to the one currently presented; (2) the prior action was resolved on the merits; (3) the party to be estopped was a party (or in privity with a party) to the prior action; and (4) the party to be estopped had a full and fair opportunity to litigate the issue in the prior action. *Park Lake Res. Ltd. Liab.*, 378 F.3d at 1136.

By a liberal construction of his filings, Maisotsenko appears to challenge the first, second and fourth. Concerning the third factor, the Court finds it undisputed that the party to be estopped—Maisotsenko—was a party to the prior action.

---

[1] Because Maisotsenko is not represented by counsel in this appeal, the Court liberally construes his filings but without acting as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

### 1. The Fourth Factor—A Full and Fair Opportunity to Litigate the Issues

For collateral estoppel to apply the issue must have been actually litigated. Generally, a default judgment is not given preclusive effect because no issues were litigated. *McCart v. Jordana (In re Jordana)*, 221 B.R. 950, 954 (Bankr. W.D. Okla. 1998). But collateral estoppel will apply where the loser "had a full and fair opportunity to participate in the previous litigation" but engaged in "serious obstructive conduct" causing the default judgment. *McCart v. Jordana (In re Jordana)*, 2000 WL 783401, at *1 (10th Cir. 2000). And the record reveals that's the case here. Maisotsenko had a full and fair opportunity to litigate and defend himself in the Sanctions Case. He in fact actively did so, until he didn't. And when he ceased, he obstructed the further litigation of the matter with his flagrant discovery misconduct and disregard of court orders.

His litigation misconduct in the Sanctions Case leading to the sanction of default judgment is thoroughly illuminated in the record and was unrefuted in the Sanctions Case precisely because Maisotsenko voluntarily ceased participating. "In these circumstances, the 'actual litigation' requirement of collateral estoppel may be satisfied because the party was afforded a reasonable opportunity to defend himself on the merits but [chose] not to do so." *In re Jordana*, 2000 WL 783401, *1. *See also In re Docteroff*, 133 F.3d 210, 215 (3d Cir. 1997) ("We do not hesitate in holding that a party such as Docteroff, who deliberately prevents resolution of a lawsuit, should

be deemed to have actually litigated an issue for purposes of collateral estoppel application.").

### 2. The First (Identical Issues) and Second (Resolution on the Merits) Factors

Maisotsenko also challenges the first factor for applying collateral estoppel—the issue sought to be precluded must be the same as the one from the prior action. Dkt. 14 (Reply Brief) ("Willfulness for purposes of discovery sanctions is categorically different from willfulness as an element of nondischargeability"). This argument lacks merit.

Here the Court is persuaded by the Third Circuit's analysis in *In re Docteroff*, *supra*. The Third Circuit considered the issue in this way:

> Of course, dischargeability was not at issue in the previous lawsuit. That is not controlling, however, because the plaintiffs only seek to estop Docteroff from asserting certain facts, *i.e.*, claiming that he did not obtain money from them by *fraud, embezzlement or willful injury*. Collateral estoppel is applicable if the facts established by the previous judgment . . . that the progress payments were obtained by fraud, embezzlement, and willfully injurious conduct, meet the requirements of nondischargeability listed in 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6), namely that the money was obtained by fraud, embezzlement, or willful conduct.

*In re Docteroff*, 133 F.3d at 215 (emphasis in original).

In other words, collateral estoppel applies to prevent the relitigation of facts underlying a determination on dischargeability. *See In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987) (collateral estoppel permits court to accept facts established by previous judgment as evidence of nondischargeability); *In re Martin*, 130 B.R. 930,

11

942 (Bankr. N.D.Ill.1991) (collateral estoppel may be invoked to foreclose relitigation of facts underlying dischargeability determination). Abundant facts found by the district judge in the Sanctions Case support finding that Maisotsenko's misappropriation, theft of trade secrets, and patent infringement, were sufficiently willful and malicious. And those facts and their related issues are sufficiently identical to the issue of nondischargeability under § 523(a)(6). *Cf. In re Docteroff*, 133 F.3d at 215 ("Taking Docteroff's argument to its logical conclusion, collateral estoppel would never apply in bankruptcy because the precise bankruptcy issue would never have been litigated in a court action prior to the filing of the petition in bankruptcy."). For example, see these findings from the Sanctions Case:

- The Court finds that [Mr. Maisotsenko] engaged in a calculated, willful, theft of [Seeley's] trade secrets, intentionally infringed on [Seeley's] Patents with full awareness of Seeley's exclusive right-of-use . . .

- The Court finds the Defendants engaged in calculated, willful theft of Plaintiff's trade secrets, intentionally infringed on Plaintiff's Patents with full awareness of Plaintiff's exclusive right-of-use, and have attempted to avoid liability for their wrongful conduct by abandoning this litigation.

- . . . Defendants' infringement—particularly the advertising and utilizing the M-Cycle as their own, as well as the development of products which utilized the patented technology—is flagrant[.]

- ". . . Plaintiff is the prevailing party in this action and Defendants' misappropriation was willful."

Appellee's App'x at 0095, 00098; *see also In re Maisotsenko*, No. 24-17511-JGR, 2025 WL 2856635, at *7-8 (Bankr. D. Colo. Oct. 8, 2025) (citing facts the court found in the Sanctions Case); *cf. In re Docteroff*, 133 F.3d at 215 ("[A]ll of the elements of the

relevant dischargeability provisions are encompassed by the allegations made in the complaint underlying the Washington court's judgment.).

For these reasons, the first factor of collateral estoppel is also met. The second is too because Maisotsenko had a full and fair opportunity to litigate the Sanctions Case (and indeed did so for a time), and the Order Awarding Damages in that case issued only after an evidentiary hearing on damages. Appellee's App'x at 0085 ("The Court held a hearing on July 11, 2023, during which Plaintiff presented documentary evidence and elicited testimony from Mr. Jon Seeley, Plaintiff's Group Managing Director, regarding the issue of damages.").

For the reasons shared, the Court finds all elements of collateral estoppel are satisfied by the record. Maisotsenko, therefore, is estopped from arguing contrary to the findings of fact and conclusions of law in the Order Awarding Damages from the Sanctions Case—that order is given preclusive effect here to the claim under 11 U.S.C. § 523(a)(6).

### 3. Summary Judgment

The Court reviews the Bankruptcy Court's grant of summary judgment de novo on appeal using the same legal standard applied below. Summary judgment is appropriate if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056, incorporating Fed. R. Civ. P. 56. The burden is on the moving party to make a prima facie showing of an absence of material fact and entitlement to judgment as a matter

of law. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1291 (10th Cir. 1991). In applying the summary judgment standard, the Court must examine the factual record and the reasonable inferences from it in the light most favorable to the party opposing the motion. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000).

Pertinent here, "[a] discharge under 11 U.S.C. § 727 does not discharge an individual from a debt for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The courts have interpreted § 523(a)(6) to mean that for a creditor to prevail on a claim under § 523(a)(6), the creditor must establish both a willful injury and a malicious injury. *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004).

An injury is "malicious" if it was wrongful and inflicted without just cause or excuse. *Wagner v. Wagner (In re Wagner)*, 492 B.R. 43, 55 (Bankr. D. Colo. 2014). A "willful" injury occurs when the debtor deliberately or intentionally caused the injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). "Willful injury may be established by direct evidence of specific intent to harm a creditor or the creditor's property. Willful injury may also be established indirectly by evidence of both the debtor's knowledge of the creditor's . . . rights and the debtor's knowledge that the conduct will cause particularized injury." *In re Longley*, 235 B.R. 651, 657 (B.A.P. 10th Cir. 1999). Appellee Seeley argues the Order Awarding Damages in the Sanctions Case contains

14

specific findings of fact and conclusions of law necessary to establish that the damages award is excepted from discharge under § 523(a)(6). The Court agrees.

As mentioned above, the Order Awarding Damages contains the district judge's numerous factual findings—made after an evidentiary hearing—that Maisotsenko's misappropriation, theft of trade secrets, and patent infringement, were all willful and malicious. The Court finds that those findings in the Order Awarding Damages support both the willful and malicious prongs of the claim under 18 U.S.C. § 523(a)(6). And because collateral estoppel applies, Seeley is entitled to judgment as a matter of law on the claim under 18 U.S.C. § 523(a)(6).

### 4. Appellant's Additional Arguments

Maisotsenko also makes the following additional arguments: (1) "Summary judgment is inappropriate where intent, knowledge, or state of mind are at issue."; (2) "The Bankruptcy Court nonetheless granted summary judgment without conducting an evidentiary hearing and without independently evaluating whether Appellant personally satisfied the willful and malicious standard required by § 523(a)(6)."; and (3) "The Bankruptcy Court improperly imputed procedural defaults of corporate co-defendants and incapacitated counsel to Appellant individually." Dkt. 10, Sections V(B) and (C). None of these arguments are availing.

First, because collateral estoppel properly applies to the claim under 18 U.S.C. § 523(a)(6), Maisotsenko's intent was conclusively established by the record before the Bankruptcy Court for purposes of summary judgment. Second, the Bankruptcy

Court was not required to hold a hearing before ruling on the motion for summary judgment. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) ("[T]he parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court."). Maisotsenko's third argument—that "[t]he Bankruptcy Court improperly imputed procedural defaults of corporate co-defendants and incapacitated counsel to Appellant individually"—is underdeveloped and the Court declines to consider it. Even if the Court did so, however, the record shows the district judge in the Sanctions Case properly entered a default judgment against Maisotsenko (and his co-defendants) based on his absconding from that litigation, and the Bankruptcy Court properly gave the resulting order in that case preclusive effect on summary judgment.

None of these arguments support any finding of error by the Bankruptcy Court.

## CONCLUSION

For the reasons shared above, the Bankruptcy Court's Order Granting Summary Judgment is AFFIRMED.

DATED:    July 23, 2026

BY THE COURT:

S. Kato Crews
United States District Judge

16